1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                               * * *

7   ON YOUR OWN LLC,                        Case No. 2:15-CV-289 JCM (CWH)

8                        Plaintiff(s),                    ORDER

9        v.

10  MEREDITH CORPORATION, et al.,

11                       Defendant(s).

12

13          Presently before the court is plaintiff On Your Own, LLC's (hereinafter "plaintiff") motion

14  for summary judgment.  (Doc. # 8).  Defendants Eating Well, Inc. ("EW") and Meredith

15  Corporation ("Meredith") (collectively "defendants")[1] filed a response, (doc. # 31), and plaintiff

16  filed a reply, (doc. # 37).

17          Also before the court is defendants' motion to stay summary judgment briefing and

18  argument.  (Doc. # 16).  Plaintiff filed a response, (doc. # 22), and defendants filed a reply, (doc.

19  # 25).

20          Also before the court is defendants' motion to dismiss and, in the alternative, motion to

21  transfer.  (Doc. # 17).  Plaintiff filed a response, (doc. # 23), and defendants filed a reply, (doc. #

22  26).

23  . . .

24  . . .

25  _____

26          [1] Plaintiff's complaint names three defendants: Meredith Corporation; Eating Well, Inc.;
    and Telemedia Eating Well, Inc. ("Telemedia").  (Doc. # 1).  Plaintiff has not filed proof of service
27  as to Telemedia, and Telemedia has not filed any responsive pleading or motion.  The court will
    address the claims against defendant Telemedia below.
28

**James C. Mahan**
**U.S. District Judge**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      Background

This is a declaratory relief action stemming from a copyright dispute.  Plaintiff is a Nevada limited liability company with its principal place of business in Nevada.  Kiley Hagerty ("Hagerty") resides in Colorado and acts as plaintiff's sole managing member.  Meredith is an Iowa corporation with its principal place of business in Iowa.  EW is an Iowa corporation with its principal place of business in Shelburne, Vermont.[2]  Meredith acquired EW in 2011.  (Doc. # 1).

In 2012, Hagerty worked as an unpaid intern for EW in Vermont.  After her internship, Hagerty began creating a cookbook for publication.  She reached out to EW's editor-in-chief, Lisa Gosselin ("Gosselin"), who expressed support and a willingness to help by reviewing the cookbook.  Gosselin represented that EW was not publishing books at that time and that it could not allow recipes previously published by EW to be republished.  (Doc. # 1).

On or about October 8, 2012, Hagerty met with Gosselin and showed her a draft of Hagerty's cookbook, contained in a binder.  The cookbook included recipes and photographs taken directly from EW's online databases without change.  The cookbook also depicted non-recipe content, which plaintiff alleges was presented in Hagerty's "own unique, expressive voice, without containing any of [EW]'s creative expressions (if such expressions existed)."  Gosselin expressed enthusiasm about the work and offered to help Hagerty in her search for a publisher.  (Doc. # 1).

Following the meeting, Hagerty followed up with Gosselin and other EW executives by email, expressing her desire to work with EW to publish the cookbook.  Hagerty also suggested that EW could license her the recipes and photography at issue.  EW representatives indicated that they were circulating the work to potential sponsors and publishers, but did not always respond to Hagerty's inquiries and did not present her with any final licensing opportunity or option to produce the cookbook with EW.  (Doc. # 1).

Accordingly, Hagerty eventually revised her work "to ensure that any recipe previously published by [EW] was either removed or altered in a manner as to no longer contain creative expression from [EW]."  In this process, Hagerty attempted to communicate with EW executives

_____

[2] According to defendants, plaintiff misstates in its complaint that EW is incorporated in Delaware and headquartered in Charlotte, Vermont.  (Doc. # 19).

James C. Mahan
U.S. District Judge

- 2 -

1    regarding "what's kosher and what's not" with regard to the draft work, to ensure that her

2    cookbook was not "in conflict with anything in the [EW] world."  (Doc. # 1)..

3         On or about September 10, 2013, Hagerty retained an agent to assist her in acquiring a

4    publisher for her work.   On or about January 2, 2014, Pelican Publishing Company, Inc.

5    ("Pelican") agreed to publish Hagerty's cookbook.  On or about January 31, 2014, Hagerty emailed

6    certain EW executives informing them that she had secured a publisher.  She invited the executives

7    to view her website and received positive feedback.  (Doc. # 1).

8         On or about December 1, 2014, Pelican informed Hagerty that the work had an official

9    "on-sale date" of February 1, 2015.  Accordingly, Hagerty retained an independent literary PR

10   agency to promote the release of her work.  (Doc. # 1).

11        On or about January 19, 2015, the EW chief editor sent an email to Pelican alleging that

12   Hagerty had improperly copied EW's content.  The next day, Pelican contacted Hagerty's agent

13   and forwarded the accusing email.  On or about January 22, 2015, Hagerty's agent forwarded

14   Pelican's email and attached documents to her.  Hagerty sought legal counsel and responded to the

15   email on January 30, 2015, proposing ways to amicably resolve the dispute.  (Doc. # 1).

16        On February 3, 2015, defendants sent further correspondence accusing the work of

17   substantially infringing on four copyrights held by EW and Meredith.  As a result, Pelican has

18   indefinitely postponed release of Hagerty's cookbook, presales of the work were canceled, and

19   Hagerty was forced to cancel a number of appearances promoting the work.  (Doc. # 1).

20        On February 18, 2015, plaintiff filed a complaint with this court seeking declaratory

21   judgments that EW's material is non-copyrightable and that Hagerty's work is non-infringing.  The

22   parties then filed the instant motions.

23   **II.      Legal Standard**

24        *i.      Subject matter jurisdiction*

25        A court may dismiss a plaintiff's complaint for lack of subject matter jurisdiction.  Fed. R.

26   Civ. P. 12(b)(1).  Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense

27   by motion.  *Id.*  When presented as a factual challenge, a rule 12(b)(1) motion can be supported by

28   affidavits or other evidence outside of the pleadings.  *Courthouse News Serv. v. Planet*, 750 F.3d

James C. Mahan
U.S. District Judge

1    776, 780 (9th Cir. 2014) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

2

3    "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly,

4    the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on

5    having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco*

6    *Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

7           ii.    *Personal jurisdiction*

8           To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the

9    burden of demonstrating that his or her allegations would establish a *prima facie* case for personal

10   jurisdiction.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  A plaintiff must

11   demonstrate jurisdiction over each defendant individually.  *Sher v. Johnson*, 911 F.2d 1357, 1365

12   (9th Cir. 1990).  However, allegations in the plaintiff's complaint must be taken as true and

13   considered in the plaintiff's favor.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th

14   Cir. 2002).

15          Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not

16   inconsistent with . . . the Constitution of the United States."  Nev. Rev. Stat. § 14.065.  An assertion

17   of personal jurisdiction must comport with due process.  *See Wash. Shoe Co. v. A-Z Sporting Goods*

18   *Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).  For specific jurisdiction, a plaintiff must demonstrate that

19   each nonresident defendant has at least "minimum contacts" with the relevant forum.

20   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

21          The Ninth Circuit has established a three-prong test for analyzing an assertion of specific

22   personal jurisdiction:

23          (1)  The non-resident defendant must purposefully direct his activities or
             consummate some transaction with the forum or resident thereof; or perform some
24           act by which he purposefully avails himself of the privilege of conducting activities
             in the forum, thereby invoking the benefits and protections of its laws; (2) the claim
25           must be one which arises out of or relates to the defendant's forum-related activities;
             and (3) the exercise of jurisdiction must comport with fair play and substantial
26           justice, i.e., it must be reasonable.

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

*Id.* at 802.  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  *Id.* (internal citations omitted).

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there."  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

       *iii.*    *Rule 4(m)*

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own afternotice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time"  Fed. R. Civ. P. 4(m).

**III.**    **Discussion**

Defendants' motion to dismiss raises threshold jurisdictional issues.  Accordingly, the court will address the motion to dismiss first, followed by the motions to stay briefing and for summary judgment.

       *A.*    *Motion to dismiss*

Defendants move to dismiss plaintiff's complaint on a number of grounds.  The court will first address defendants' argument that the court lacks subject matter jurisdiction over the claims against Meredith.  The court will then turn to the issue of personal jurisdiction as to EW.

       *i.*    *Subject matter jurisdiction over plaintiff's claims against Meredith*

Defendants contend that the court does not have subject matter jurisdiction over plaintiff's claims as to Meredith, because plaintiff lacks standing to request declaratory relief against Meredith.[3]  (Doc. # 17).

---

[3] "Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) . . . ."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

To maintain a declaratory judgment action, plaintiff must meet the case or controversy requirement of 28 U.S.C. § 2201(a).  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).   This requires plaintiff to have "a real and reasonable apprehension" that Meredith will subject it to liability.  *See id.* at 1556.  Defendants maintain that plaintiff cannot meet this standard because EW, not Meredith, owns the copyrights at issue.[4]  (Doc. # 17).

In its complaint and response to defendants' motion to dismiss, plaintiff maintains that she has viable claims against Meredith based on a letter sent from defendants' counsel to plaintiff's counsel.  Plaintiff and defendants attach copies of this letter to their briefing on the instant motion. (Docs. # 18, 23-5).

Defendants' letter accused Hagerty's work of "substantially infring[ing] on four works whose copyright is held in full or in part by [EW] and Meredith."  It also states that "Hagerty has infringed on [EW's] copyrights," and that "if Meredith and [EW] determine that legal action is necessary to protect their works from infringement (and/or to collect statutory damages for willful infringement), it [sic] will not hesitate to pursue that avenue."  (Doc. # 23-5).

Defendants now represent that regardless of what the letter says, EW, not Meredith, holds the copyrights to the content at issue.   Defendants attach the affidavit of Wendy Ruopp, the managing editor of EW's magazine.  Ruopp attests that EW has published four cookbooks which reflect the copyrights at issue in this case.  Ruopp states that EW holds the copyright to each of these cookbooks.  (Doc. # 19).

The court may consider the parties' affidavits and evidence in ruling on the instant issue. *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014).  Based on defendants' representations and the evidence presented by the parties, the court finds that plaintiff does not

---

[4] Section 501(b) of the Copyright Act provides that the owner of the copyright is the sole party permitted to sue for infringement.  *See* 17 U.S.C. § 501(b).

1    have a "real and reasonable apprehension" of suit by Meredith.[5]  *See Hal Roach Studios*, 896 F.2d

2    at 1556.

3           Because plaintiff's claims against Meredith are not suitable for declaratory relief, the court

4    will dismiss them.  *See Fina Research S.A. v. Baroid Drilling Fluids, Inc.*, 98 F.3d 1357 (table),

5    1996 WL 521465, at *2 (Fed. Cir. 1996) (affirming dismissal on these grounds where defendant

6    "disclaimed the threat of suit" made in a prior letter from counsel, based on lack of legal interest

7    in patents at issue).  Meredith is estopped from taking an inconsistent position or attempting to

8    enforce the copyrights at issue on a later date.

9           Because the court finds it appropriate to dismiss Meredith on these grounds, the court need

10   not address defendants' Rule 12(b)(6) argument as to the sufficiency of plaintiff's claims against

11   Meredith.  The court will now turn to the issue of personal jurisdiction over EW.

12                  *ii.     Personal jurisdiction over EW*

13          Defendants argue that the court lacks personal jurisdiction over EW, such that dismissal is

14   necessary.  (Doc. # 17).  Plaintiff responds that the court has both general and specific jurisdiction

15   over EW based on circulation of its magazine in Nevada, access to its website in Nevada, and the

16   fact that EW sent a letter and email to plaintiff in Nevada accusing infringement.  (Doc. # 23).

17          Plaintiff's receipt of defendants' cease-and-desist letters in Nevada is not sufficient to

18   subject EW to personal jurisdiction here.  *Walden v. Fiore*, 134 S.Ct. 1115, 1125 (2014) (providing

19   that injury to a forum resident is not a sufficient connection to the forum); *see also Cascade Corp.*

20   *v. Hiab-Foco AB*, 619 F.2d 36, 38 (9th Cir. 1980) (rejecting argument that letters claiming patent

21   infringement sent to plaintiff in forum state and defendant's advertisements in national

22   publications were sufficient to establish minimum contacts).

23

24

25   ─────────────────

26          [5] While not necessary to the instant ruling, the court will take judicial notice of the
     copyrights referenced by number in defendants' letter to plaintiff.  The court may take judicial
27   notice of matters of public record.  *See* Fed. R. Evid. 201(b)(2), (c)(1); *Intri-Plex Techs., Inc. v.*
     *Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  Meredith is not named on any of the
28   copyrights at issue.  *See* United States Copyright Office, www.copyright.gov/records (last visited
     August 5, 2015).

James C. Mahan
U.S. District Judge

1    Moreover, passive websites do not automatically confer jurisdiction anywhere they are

2    viewable. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997). In order to establish

3    jurisdiction based on a passive website, a plaintiff must show that a defendant's website or related

4    activities directly targeted the forum through advertising or comparable affirmative conduct. *See*

5    *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (finding defendant's

6    targeted marketing to Nevada residents was "something more" than operating a passive website).

7    EW's website is passive. The website—as with any other publicly available website—is

8    viewable in Nevada. However, defendants do not advertise to Nevada residents specifically. *Cf.*

9    *Rio Props.*, 284 F.3d at 1020 (holding that defendant's local radio and print advertisements in Las

10   Vegas, Nevada, were "something more" than operating a passive website).

11   Accordingly, the website does not satisfy the express aiming prong, and the court finds that

12   personal jurisdiction is lacking. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-57 (9th Cir.

13   2006); *Rio Props.*, 284 F.3d at 1020.

14   EW's only additional contacts with Nevada are that, as a publisher of a national magazine,

15   its magazines may be bought or sold in Nevada. This conduct does not subject EW to specific

16   personal jurisdiction, because the claims at issue here do not arise out of EW's magazine

17   distribution. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802. Similarly, these contacts

18   are insufficient to establish general personal jurisdiction. *See Brody Enters. v. MTS Partners, Inc.*,

19   No. 2:11-cv-00489-GMN-LRL, 2011 WL 2517029, at *2-3 (D. Nev. 2011) (holding that

20   nationwide solicitation of business is insufficient for general personal jurisdiction).

21   Plaintiff has failed to establish that EW expressly aimed its activities at Nevada, a

22   prerequisite for specific jurisdiction in this case. EW's contacts with Nevada are nowhere near

23   sufficient to show that it was "essentially at home" here. *See Daimler AG v. Bauman*, 134 S.Ct.

24   746, 749 (2014) (explaining requirements for general jurisdiction).

25   Accordingly, the court will dismiss the claims against EW for lack of personal jurisdiction.

26   Plaintiff may bring its claims against EW in the appropriate forum.

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

B.      *Defendant Telemedia*

Plaintiff's complaint names a third defendant, Telemedia Eating Well, LLC ("Telemedia"). On July 17, 2015, pursuant to Federal Rule of Civil Procedure 4(m), the clerk of court provided notice to plaintiff that the action would be dismissed as to Telemedia unless plaintiff filed proof of service on Telemedia before August 16, 2015.  (Doc. # 38).  Though the deadline has passed, plaintiff has failed to file proof of service as to Telemedia.

Accordingly, the court will dismiss defendant Telemedia and close the case.

C.      *Motion to stay briefing*

Defendants filed a motion asking the court to stay summary judgment briefing and argument until the court rules on the motion to dismiss.  (Doc. # 16).  The parties have now fully briefed the summary judgment motion, and the court has found that dismissal of the action is proper.  Accordingly, the court will deny the motion to stay briefing as moot.

D.      *Motion for summary judgment*

Before serving defendants with its complaint, plaintiff filed a motion for summary judgment.  (Doc. # 8).  In light of the court's instant ruling on defendants' motion to dismiss and the court's dismissal of defendant Telemedia for failure to file proof of service, the court will deny the motion for summary judgment as moot.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment, (doc. # 8), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to stay summary judgment briefing and argument, (doc. # 16), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss, (doc. # 17), be, and the same hereby is, GRANTED.

. . .

. . .

James C. Mahan
U.S. District Judge

- 9 -

1        IT IS FURTHER ORDERED that defendant Telemedia Eating Well, LLC, be, and the

2   same hereby is, DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

3   The clerk shall close the case.

4        DATED August 19, 2015.

5

6   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**